This is Schneider v. United States. Ms. Nathalie. May it please the Court. Your Honors, my name is Lauren Nathalie. I'm a recent graduate of the University of Notre Dame Law School. And I'm here today on behalf of the appellant, Mr. Darrell Schneider, under the supervision of Attorney Robert Palmer. Your Honors, this Court should reverse the District Court's decision and grant an evidentiary hearing on ineffective assistance of counsel, especially in light of the ineffective assistance that Schneider faced in two contexts. The first, as to Attorney Richards, when he allowed his client to plead guilty to a crime the factual basis did not support. And second, as to Schneider's appellate counsel when she failed to claim that Attorney Richards was ineffective. First, as to Attorney Richards, his performance was deficient and below the objective standard of reasonableness. He failed to identify the significant distinction in the statutes at issue during the plea colloquy and did not appraise his client of the correct crime to plead guilty to. At issue in this case, and the reason the plea colloquy was partly so confusing, is with the closeness in terms of the two crimes at issue. The first, sexual act, with a statutory maximum of 15 years and a minimum of 5 years, and sexual contact, which has a statutory maximum of 3 years. The facts of the plea colloquy presented by the government indicated that the factual basis they wished Mr. Schneider to plead guilty to focused on attempted penetration with the victim's buttocks, which would be under the definition of sexual contact and not sexual act. You can see on page 38 of the appellate's appendix that the AUSA explicitly in the plea colloquy notes no, it's quote, no vulva to buttocks on the information. So I guess I would orally make that change. He then goes on to say that that would be consistent with the behavior that the defendant had attempted to place his penis in the victim's buttocks, which would meet the definition of sexual contact in paragraph 8. It appears that Richards believed the government's allegations of sexual act could in fact include attempted penetration with the victim's buttocks when in fact that is not how sexual act is defined in the statute. Not only was Richards incorrect at the outset by believing that in the first instance, but he then assured his client later during the plea colloquy that when the government attempted to change the term buttocks to anus and the information, that it didn't matter because that was, quote, a more technical change, which it is not a more technical change. It turns the information into a sexual act versus sexual contact. Well, it's logical. I mean, I don't understand how the two could be virtually the same. Your Honor, there's definitely an argument to be made that they could be the same. However, in the statute, they're listed separately. The word sexual act doesn't include the word buttocks, and on page 39 of the appellate appendix, which is in the plea colloquy, the district court judge himself notes that buttocks could include a broader area than anus and asked the AUSA explicitly if they had enough to charge him with sexual act, to which the AUSA simply responded, we'll just change it to the more technical term of anus, which, again, is not the definition of sexual contact, and essentially changed the term buttocks to anus, made it an entirely different crime altogether. And this conduct of Attorney Richard's prejudiced Mr. Schneider because for that mistake, Mr. Schneider would not have entered this plea. And it's not just Mr. Schneider, Your Honors. No reasonable defendant would plead guilty to a crime higher than what the factual basis supported, which is essentially what Mr. Schneider was left to do in this case. The practical result is that Mr. Schneider was sentenced to 8 years, which is 5 years longer than the statutory maximum for sexual contact, which is what the factual basis here supported. Right, but there was a third possibility here, which is that he would be convicted of aggravated sexual abuse, which has a 30-year minimum, and that's what he was trying to avoid. At the very beginning. At the outset, Your Honor, yes, that was what he was trying to avoid. Right, so that's why he would allow this revised plea agreement, because he was limiting his exposure. Well, Your Honor, as to this particular claim on ineffective assistance of counsel, the focus is on Attorney Richard's conduct. This court addressed in direct plea whether Schneider pled knowingly and voluntarily. One might think of this as sort of opposite of a Lafler case, for example. So in Lafler, where the attorney essentially told his client, you should go to trial because the government cannot prove that you intended to kill the victim because you shot her below the waist. In this case, essentially, it would be that Richard advised Schneider, based on the factual information that the government was putting forward, that there was sufficient evidence to plead guilty for a sexual act, when in fact that's not what the factual basis in this information supported. And then, moving to the appellate counsel, Your Honors, there was ineffective assistance as to that counsel when she failed to raise this issue of ineffective assistance. Now, at the outset, the appellate counsel here filed an Anders brief, arguing that some of the claims were frivolous, and as a result asked to withdraw his counsel, to which this court denied, and asked her to brief whether or not Schneider pled knowingly and voluntarily and any other issue that she saw appropriate. This is problematic in this case because the factual basis on exactly what Schneider was told by his attorney and other issues could have been developed more factually for that direct appeal, and because she did not raise that, Schneider did not have the opportunity to develop those facts, both for that appeal and for the ineffective assistance of counsel claim. And given the obvious linkage here between the plea advice and the knowing and voluntary nature of the plea, it wasn't reasonable to argue that the plea was unknowing without also teeing up the plea advice. The district court notes that this was not ineffective because this claim could have been raised on this habeas motion. However, the district court does not automatically grant evidence to your hearings on ineffective assistance of counsel, so Schneider would not have automatically been able to develop those facts necessarily, so that just dismissing as saying that he could have addressed it on a habeas motion wouldn't necessarily remedy him in the way in which he sought. This mistake prejudice, Mr. Schneider, for the factual basis could have been developed, as I mentioned previously, and among other things, Schneider could have asked Richards why Richards agreed to various changes in the information to clarify his knowledge, to clarify Richards' knowledge on the claim that Schneider was in fact pleading guilty to, and at that time it would have been better upon all parties to further develop those facts at that point, and it was unreasonable for appellate counsel to not bring that forward. So unless your honors have any other questions at this point, I'd like to make it my time for rebuttal. Okay. Thank you, Ms. Talley. Mr. Koenig? Good morning. May it please the court, Jonathan Koenig appears on behalf of the United States, a respondent in this case. Judge Sykes has already noted a very important background fact here, which is that, of course, in these various iterations of plea agreements that we're talking about in this case, Mr. Schneider was in fact avoiding potentially a very serious charge under Section 2241 of aggravated sexual abuse of a minor which carries a 30-year minimum and up to life imprisonment. So certainly in assessing the effectiveness of counsel who avoided that outcome for Mr. Schneider, that ought to be borne in mind. The gist of Mr. Schneider's claim in this appeal is that he was confused about the charge to which he pled guilty, the 2243A sexual abuse of a minor charge, which does require a sexual act as defined in 2246 1A, which uses the word anus. The biggest thing that I should mention here is that the issue has already been decided against Mr. Schneider in his direct appeal. This court noted that Mr. Schneider had specifically acquiesced in the changes that Judge Griesbach made during the plea hearing to the information and the factual proffer in the plea agreement. If you look at page 26 of the plea agreement transcript, you'll see he essentially asks Mr. Schneider twice, are you okay with this? I'm going to make these changes. Is this what you're pleading guilty to? So the government can't take any credit in this case, but Judge Griesbach certainly was very alert to what was going on and deserves some credit for creating a good record. The second problem with the argument that he didn't understand what he was pleading guilty to, that he thought he was pleading guilty to a three-year felony, is that he and his lawyer are referring to sentencing ranges of up to three years and ten months or as high as 46 months. Well, if you're pleading guilty to a three-year felony, that doesn't make sense. And, in fact, another point which I kind of buried in a footnote in my brief, but I would like to emphasize, is that Judge Griesbach was very careful to explain the maximum penalty for the 2243 offense, which is 15 years. And lastly, the last problem he has in asserting any of his claims is a complete lack of credibility. His credibility was kind of destroyed when he claimed that he couldn't remember talking to his daughter on the telephone and then he was confronted with some jail calls and then said, well, I didn't recognize her voice because her voice was changing and so on. The issue of relevant conduct and whether counsel did an adequate job of explaining that to Mr. Schneider is the second issue that he raises in this appeal. Mr. Richards, whom the district court did find credible, says he explained this concept, at least in a general way, to his client. The plea itself actually references conduct that occurred prior to 2011. It says this had been going on since the girl was eight or nine, I think. So Schneider really can't claim to be surprised that relevant conduct would be taken into account during the sentencing. But even assuming a worst case, the lawyer completely dropped the ball in predicting this enhancement based on prior conduct. This court's cases in Barnes, decisions in Barnes and Martinez and Arbonitas are all fatal to that argument because they say that mistakes of this kind in projecting the sentencing guideline range do not rise to the level of constitutionally ineffective assistance. So for all of those reasons, we would ask that you affirm the denial of relief under Section 22. Okay, thank you, Mr. Koenig. Ms. Natale, do you have anything? Your Honors, I'd just like to make one point on rebuttal, which is that this claim that we are bringing today on ineffective assistance of counsel is separate from the confusion claim. As the Supreme Court said in Padilla, that you can have poor plea advice can lead to a valid Strickland claim wholly and apart from whether or not the plea was knowing and voluntary on its own. So in this particular claim, we are looking at Attorney Richards, we are looking at the appellate counsel and looking at the advice which they give. And for those reasons, we are asking this court to reverse the decision of the district court and grant Mr. Schneider an evidentiary hearing on ineffective assistance of counsel. Okay, thank you very much Ms. Natale and Mr. Koenig.